**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4589

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARK ANTHONY SKEETE, a/k/a Mark Skeete, a/k/a Mark Anthony Brown, Jr., a/k/a Mark Brown, Jr., a/k/a Clean Up, a/k/a Hakeem,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. David J. Novak, District Judge. (4:19-cr-00062-DJN-DEM-1)

Submitted: April 17, 2023                    Decided: April 19, 2023

Before NIEMEYER and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:** Mark Bodner, Fairfax, Virginia, for Appellant. Daniel J. Honold, Alexandria, Virginia, Lisa Rae McKeel, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Anthony Skeete pled guilty, pursuant to a plea agreement, to two counts of use of a firearm resulting in death, in violation of 18 U.S.C. § 924(j), and was sentenced to two consecutive life terms to be followed by five years' supervised release. Skeete appealed and, after conducting a review in accordance with *Anders v. California*, 386 U.S. 738 (1967), we granted the Government's motion to dismiss the appeal as to all issues within the scope of the appeal waiver contained in Skeete's plea agreement and affirmed Skeete's convictions. *United States v. Skeete*, No. 21-4676, 2022 WL 2355512, *1-2 (4th Cir. June 30, 2022) ("*Skeete I*"). Having determined that the district court did not announce at sentencing all of the discretionary terms of Skeete's supervised release, we denied the Government's motion to dismiss, in part, vacated Skeete's sentence, and remanded for resentencing. *Id.* at *2. *See United States v. Singletary*, 984 F.3d 341, 345-47 & n.4 (4th Cir. 2021).

The district court conducted a full resentencing on remand, again sentencing Skeete to two consecutive life terms to be followed by five years' supervised release. During the hearing, the district court expressly announced all discretionary supervised release conditions that it later included in the amended written criminal judgment. Skeete again appealed and, in an *Anders* brief, counsel concedes there are no meritorious issues for appeal, but asserts that Skeete's life sentences are substantively unreasonable and that the district court erroneously denied Skeete's request for a downward variance. Skeete was informed of his right to file a pro se supplemental brief but has not done so. The Government has filed a motion to dismiss the appeal, again invoking the appeal waiver in

2

Skeete's plea agreement. We grant the motion to dismiss in part, dismiss the appeal as to all issues within the scope of the appeal waiver, and affirm in part.

After a thorough review of the record in *Skeete I*, we found that Skeete knowingly and voluntarily waived his right to appeal and, thus, found the appeal waiver to be valid and enforceable. 2022 WL 2355512, at *1. This holding became "the law of the case" and "continue[s] to govern the same issue[]" here. *United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999) (internal quotation marks omitted). As Skeete's appellate waiver bars this court's review of any sentence within the statutory maximum of life in prison, *see* 28 U.S.C. § 924(j), and since Skeete challenges only his sentence on this appeal, we grant in part the Government's motion to dismiss, *see United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021) ("Where the Government seeks to enforce an appeal waiver and the defendant has not alleged a breach of the plea agreement, we will enforce a valid appeal waiver where the issue being appealed is within the scope of the waiver." (internal quotation marks omitted)).

In accordance with *Anders*, we have reviewed the record on remand and have found no meritorious grounds that are beyond the scope of Skeete's valid appeal waiver. We therefore grant, in part, the Government's motion to dismiss and dismiss the appeal as to all issues within the waiver's scope and affirm, in part. This court requires that counsel inform Skeete, in writing, of the right to petition the Supreme Court of the United States for further review. If Skeete requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Skeete.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*
